J. N. STOUGHTON'S ADM'R *v.* H. S. ELLIS AND OTHERS.

**Vendor and Purchaser—Estate Conveyed—Lien.**

Where there is difficulty in determining from the evidence whether the grantee was to have an absolute title or a life estate, the grantee cannot complain where the court orders the purchase-money refunded and gives him a lien on the land therefor.

**Witnesses—Parties to Action.**

The fact that witnesses are parties to the action in which they disclaim any interest in the matters in controversy, does not render them incompetent to testify.

APPEAL FROM FRANKLIN CIRCUIT COURT.

September 12, 1873.

OPINION BY JUDGE PRYOR:

There is no doubt from the testimony in this case that Tobin purchased the house and lot in controversy for and at the instance of Mrs. Rebecca Stoughton and it is equally as well established that the title to the property was to be made to Mrs. Ellis and her children upon the payment of the purchase money. That the latter advanced $1,956 is shown by the evidence of Tobin and Mrs. Stoughton, but it is insisted by counsel that it was the money of young Stoughton the brother that the appellee was advancing. The proof on this subject is to the contrary, without any conflict whatever except what may be inferred from the pecuniary condition of the appellee and her husband. That Mrs. Ellis had the money in her possession can not be doubted and that she paid $1,150, six hundred of which her brother gave her for money advanced for him and services rendered in his behalf, is certainly shown by the

testimony of the mother, if her statement is entitled to credit, and in the absence of any attack on her character as a truthful woman, or testimony conflicting with hers on this point, we do not feel at liberty to disregard her statements. That most of the money paid upon the property came from the appellant's intestate all the witnesses and parties to the litigation admit, but it is shown that a great portion of it was paid for the sister upon a valuable consideration and the balance appropriated to be used in buying this home for her and her children. The fact that the mother negotiated the trade with Tobin and that all the money was paid either by the mother or sister of young Stoughton tends strongly to corroborate the testimony of the mother, Tobin, and Mrs. Towles. If this was the property of decedent, or if the appellee had no interest in it, we can not well see why all these payments were made through the mother and sister. The whole object of the young man was to secure his sister and her children in a comfortable home. The reason why the deed was made by Tobin to young Stoughton is fully explained by the mother. She says that it was to enable him to raise the money from Shee to pay for the improvements made upon the property after the purchase. Mrs. Ellis was not consulted in regard to this last transaction and seems not to have been apprised as to the manner in which the deal was executed. There is some difficulty in determining what interest the appellee was to have in the property, whether the absolute title or an estate for life. The chancellor having trouble in defining the extent of her interest, has given her a lien on the house and lot for the purchase money paid by her. That she was to have an interest the proof clearly shows and as there is a question of doubt as to the character of estate she held, the court below, in the judgment rendered, took perhaps an equitable view of the rights of the parties, at least the appellant ought not to complain when the estate of her intestate is only required to refund the purchase money. The appellee was to have no less an estate than one for life, and had been in conjunction with her mother for some time in the enjoyment of the property, and when deprived of this right by the judgment enforcing a lien only, we can not adjudge that the court erred in refusing to compel the payment of rents, and particularly as the administrator alone is seeking to enforce the judgment. There is no reason why the testimony of Mrs. Stoughton or that of Tobin

should have been excluded; neither of these witnesses are seeking any recovery, or asserting any claim against the estate of appellant's intestate. They both disclaim any interest in the matters in controversy and are not affected by the judgment. Their being parties to the action does not render them incompetent to testify. If young Stoughton read the deed at the instance of the mother or Mrs. Ellis, they having paid the purchase money, no resulting trust can arise by reason of the statute, but when refusing to permit appellee to hold the land the chancellor would require the party with the deed to return the money. *Martin v. Martin,* 5 Bush 47. In said case, however, the proof conduces to show that the deed had been made without the knowledge of the party praying the consideration. The judgment of the court below is *affirmed.*

*Lindsey, for appellant.*

*Rodman, for appellees.*